**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEWART WILSON, :  :  Plaintiff, :  :  v. :  :  PTL. G. MARTONE, et al., :  :  Defendants. :  : | Civil No. 11-5337 (JAP)  **OPINION** |

**APPEARANCES:**

**STEWART WILSON**, Plaintiff pro se
59355
SBI# 249168A
Northern State Prison
P.O. Box 2300
Newark, N.J. 07114

**PISANO**, District Judge

Plaintiff Stewart Wilson ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it

---

[1] Plaintiff initially failed to submit a complete in forma pauperis application with his complaint and this Court denied his application and administratively terminated this action. (See Docket Entry No. 2.) Thereafter, Plaintiff submitted a complete in forma pauperis application. (Docket Entry No. 3.) As such, this Court will re-open the case to review the complaint.

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff, incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Patrolman G. Martone; Sergeant T. Gregory; Patrolman Kevin Redmond, II; Patrolman Steven Walker; Todd Wilson, Esq.; Theodore Fishman, Esq.; James R. Kinarney, Esq.; and Christine A. Rue. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on September 28, 2009, he was falsely arrested by Ocean Township Police Officers Martone, Gregory, Redmond and Walker.  On that day, Defendant Rue reported to the police station to provide a statement alleging that Plaintiff had punched her in the face three times before robbing her and fleeing on foot.  She told police that she called 911 after the incident.

On or about December 5, 2010, Judge Jamie S. Perri conducted

a review of Defendant Rue's phone records for the month of September but did not find a 911 call made from Defendant Rue's residence.  The four sworn statements from the defendant police officers state that they were dispatched to Ms. Rue's residence in response to a 911 call.  Further, there are no pictures to support Defendant Rue's claims of injury.  Judge Perri also conducted a review of the phone records of Ms. Rue's neighbor, Heather McKnight, and found a 911 call at approximately the time Ms. Rue claimed to have called.  Ms. McKnight had previously accused Plaintiff of moving property from her house without her permission.  On October 6, 2010, Defendants Martone and Gregory testified at Plaintiff's parole revocation hearing, providing essentially the same information contained in their reports.

With regard to the attorney defendants, Plaintiff alleges that while representing him, Defendant Kinarney failed to inform him that the reason they could not obtain a copy of the 911 call from the prosecutor was that the tape had been destroyed. Plaintiff alleges that Defendant Fishman supported Defendant Kinarney's position.  Defendant Todd Wilson failed to file the motion Plaintiff requested regarding false statements by witnesses.

Plaintiff seeks monetary damages against each defendant and requests that criminal charges be brought against them.

**II.   DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure

which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)(citing <u>Iqbal</u>, 129 S.Ct. at 1948).

 The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50. <u>See</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Warren Gen. Hosp. v. Amgen Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." <u>Fowler</u>, 578 F.3d at 211 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).

5

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

With respect to Defendant Rue, a private citizen, there are no allegations that she was acting under color of state law. She simply reported a crime to which she claims she was a victim, and gave a statement to the police. Plaintiff disputes that a crime occurred. Therefore, the Court finds that Defendant Rue is not a state actor and the Complaint will be dismissed in its entirety as against her for failure to state a claim upon which relief may

be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**B. Analysis**

**1. False Arrest**

Plaintiff alleges a claim of false arrest against Defendants Patrolman G. Martone, Sergeant T. Gregory, Patrolman Kevin Redmond, II and Patrolman Steven Walker.

An arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994) (section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a Fourth Amendment claim for false arrest, a plaintiff must allege that: (1) there was an arrest; and (2) the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing Groman).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to

7

believe that an offense has been or is being committed by the person to be arrested." Adams v. Officer Eric Selhorst, 2011 WL 5068087, at * 2 (3d Cir. October 26, 2011) (citing Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)).

In this case, Plaintiff has failed to allege a lack of probable cause for his arrest. In fact, in his recitation of the facts, Plaintiff states that "on September 28, 2009, Mrs. Rue reported to Ocean Township Police Department to provide a statement regarding an incident where upon she declared herself the victim. She, thereby, deemed [Plaintiff] to be the purpetrater [sic] of the offenses committed against her. Mrs. Rue provided a report stating that [Plaintiff] punched her in the face three times before robbing her and taking flight on foot, she further stated that she called 911 immediately following the incident." (Compl. 5A, Docket Entry No. 1.) Plaintiff was arrested on that same day. Therefore, it appears from the facts alleged that Plaintiff was arrested pursuant to the report made by Mrs. Rue that Plaintiff had assaulted her. Though Plaintiff alleges that this report was false and that Mrs. Rue did not in fact call 911 after her attack, it appears from the facts stated that she went to the police station and reported the assault, and that Plaintiff was arrested pursuant to that report.

As such, Plaintiff has failed to state a claim for false arrest and this claim will be dismissed as against all the police

officer defendants.

## 2. Claims Against Public Defenders

As to the attorney defendants, generally, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir. 1982). Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); see also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. at 325. A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights. Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).

Here, Plaintiff alleges no facts that would suggest that the

attorney defendants acted in any capacity other than the traditional capacity as counsel.  All claims against the attorney defendants must, therefore, be dismissed.

**3. Claim Against Defendants Martone and Gregory**

Plaintiff raises a claim against Defendants Martone and Gregory for testifying at his parole revocation hearing about the events surrounding his arrest, alleging that the testimony they provided was false.  These claims must be dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. 325, 330-346, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n. 16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

**III.   CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts

sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]

Dated: March 5, 2012

/s/ JOEL A. PISANO
JOEL A. PISANO
United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.