*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEWART WILSON,

    Plaintiff,

v.

PTL. G. MARTONE, et al.,

    Defendants.

Civil Action No. 11-5337 (JAP)

**OPINION**

**APPEARANCES:**

**STEWART WILSON**, Plaintiff pro se
1114 BROAD ST.
NEWARK, NJ 07104

**PISANO**, District Judge

Plaintiff Stewart Wilson ("Plaintiff") has filed an amended complaint pursuant to this Court's March 5, 2012 Opinion and Order dismissing the original complaint in its entirety. At this time, the Court must review the amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the amended complaint should proceed in part at this time.

**I. BACKGROUND**

Plaintiff, incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Ocean Township Police Department; Officer G. Martone; Officer Kevin Redmond; and Officer Steven Walker. The

following factual allegations are taken from the amended complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that during his arrest on September 28, 2009, Defendants Martone, Redmond and Walker used excessive force. (Compl. ¶ 7.) Defendants threw Plaintiff to the ground while handcuffed and struck him with closed fists on his head and face. (*Id.* at ¶ 8.) Plaintiff alleges that he was bleeding and in need of medical attention but Defendants Walker, Redmond and Martone refused to provide him with any until the following day. (*Id.* at ¶ 13.) Plaintiff is seeking monetary damages.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Excessive Force**

Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386 (1989); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). When construing an excessive force claim, this Court must consider whether the Defendants' use of force was objectively reasonable under the circumstances, regardless of their underlying motive or intentions. *Graham*, 490 U.S. at 397. In *Graham*, the Supreme Court expounded on the reasonableness inquiry, stating that it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. In addition, the Third Circuit has noted other relevant factors including "the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997) (abrogated on other grounds by *Curley v. Klem*, 499 F.3d 199 (3d Cir.2007)). *See also Couden v. Duffy*, 446 F.3d 483, 496–97 (3d Cir. 2006); *Kopec v. Tate*, 361 F.3d 772, 776–77 (3d Cir. 2004); *Doby v. DeCrescenzo*, 171 F.3d 858, 874 (3d Cir.1999) ("Significant factors in evaluating the force used by the police are whether the person being taken into custody is resisting or attempting to resist by flight."); *Ashton v. City of*

4

*Uniontown*, 459 F. App'x 185, 189 (3d Cir. 2012).

Here, Plaintiff's allegations, if true, may be sufficient to allow this claim to proceed at this time. He alleges that he was beaten in the head and body with closed fists. Plaintiff's allegations also suggest that he was not doing anything to provoke such harsh treatment by the officers, especially since he was handcuffed. Consequently, it would appear that Plaintiff has alleged facts sufficient at this time to raise a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. The excessive force claim will be allowed to proceed at this time.

**2. Medical Claim**

Plaintiff also alleges that Defendants Martone, Redmond and Walker denied Plaintiff medical attention for the injuries he sustained during the arrest, namely, the bleeding from his head and face. This Court will rely upon the Fourteenth Amendment in analyzing Plaintiff's denial of medical care claim. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243–45 (1983) (holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005); *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008). In *Hubbard*, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165–67.

The Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 ... (1991), the objective component requires an

inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" Id. at 298 .... The Supreme Court did not abandon this bipartite analysis in Bell, but rather allowed for an inference of mens rea where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir.2007).

In this case, Plaintiff alleges that he was denied medical treatment for bleeding from his head and face for 24 hours without any medical or legitimate justification. Consequently, it would appear that Plaintiff has alleged facts sufficient at this time to raise a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. The medical claim will be allowed to proceed at this time.

**3. 42 U.S.C. §§ 1985, 1986**

Plaintiff also indicates that he is pursuing relief under 42 U.S.C. §§ 1985 and 1986, but provides no factual allegations in support. "To state a claim for conspiracy under 42 U.S.C. § 1985(2) or (3), [Plaintiff] must allege that the conspirators intended to deny him equal protection of the laws." *Muhammad v. Davis*, 461 F. App'x 91, 92 (3d Cir. 2012). Liability under § 1986 is predicated on actual knowledge of a § 1985 violation. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (transgressions of § 1986, by definition, depend on a preexisting violation of § 1985). Plaintiff has alleged no facts to support a claim for a conspiracy. As such, any claims Plaintiff intended to raise pursuant to 42 U.S.C. §§ 1985 and 1986 are hereby dismissed.

**4. Failure to Train**

Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," *City of Canton v. Harris*, 489 U.S. 378, 390 (1989), and that failure to train "actually causes injury," a supervisor may be held liable, *Id.*

In addition, in resolving the issue of supervisory liability,

> the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program....Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training....Moreover, for liability to attach...the identified deficiency in a city's training program must be closely related to the ultimate injury.

*Id.* at 390–91. Here, Plaintiff only alleges that a singular group of officers involved in his arrest used excessive force against him on a single occasion, plainly an insufficient allegation upon which to base liability for failure to train. Accordingly, Plaintiff's failure to train and/or supervise claim must be dismissed for failure to state a claim.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's excessive force and denial of medical care claims against Defendants Martone, Redmond and Walker shall proceed. All other claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

Dated: August 26, 2013

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge